IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JERRY J. WALKER #339-286 * | |
|     Plaintiff, | |
| v.   * CIVIL ACTION NO. JKB-12-1188 | |
| GREGG HERSHBERGER,   * | |
| DOCTOR THOMPSON | |
| CRYSTAL SWECKER, PHYSICIAN'S   * | |
|   ASSISTANT | |
| STACY KING, NURSE MANAGER   * | |
|     Defendants | |

**MEMORANDUM**

Jerry J. Walker, who is incarcerated at Roxbury Correctional Institution ("RCI") in Hagerstown, filed a civil rights complaint, as supplemented pursuant to 42 U.S.C. § 1983, seeking money damages and injunctive relief and alleging that prison medical personnel refuse to provide proper treatment, including care from an "outside" specialist, for his chronic digestive disorder. ECF Nos. 1 and 4. The named medical defendants have filed a dispositive motion indicating they are not responsible for denying Walker access to an outside specialist. ECF No. 8. Walker agrees with this assessment and seeks to voluntarily dismiss the named defendants without prejudice in order to file an action against the utilization review company allegedly responsible for rejecting a request for referral to an outside specialist. ECF No. 10. Because plaintiff has not been assessed a partial filing fee, the court shall dismiss this action without prejudice pursuant to Federal Rule of Civil of Civil Procedure 41 and provide plaintiff with forms so that he may refile his complaint against the proper party defendant.

In determining whether to grant a motion for dismissal without prejudice under Rule 41(a)(2), a court should consider the following factors: "(1) the opposing party's effort and

expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of litigation." *Wilson v. Eli Lilly & Co.*, 222 F.R.D. 99, 100 (D. Md. 2004) (quoting *Teck Gen. P'ship v. Crown Cent. Petroleum Corp.*, 28 F. Supp. 2d 989, 991 (E.D.Va. 1998)). Typically, a plaintiff's motion to voluntarily dismiss a claim will be granted, in the absence of "plain legal prejudice" to the defendant. *Ellett Bros., Inc. v. U.S. Fid. & Guar. Co.*, 275 F.3d 384, 388 (4th Cir. 2001). Indeed, the purpose of Rule 41(a)(2) is to freely allow voluntary dismissals "unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir.1987).

Defendants' motion is not complex and the case has not proceeded to discovery.  The court has reviewed the record in this case and finds that defendants will suffer no substantial prejudice if this action is dismissed without prejudice. The defendants have, however, expended some time and resources preparing motions to dismiss.  If plaintiff files another action raising the same claims against them, defendants can utilize the arguments in the current motions without duplication of time and resources. In addition, this action is not on the eve of trial.

Based on the foregoing, the court shall dismiss this case without prejudice pursuant to Rule 41(a)(2).  Should plaintiff file a similar action at a later day against these defendants, the court may consider any motion filed by defendants requesting the payment of costs incurred in the instant action, as permitted pursuant to Rule 41(d).  A separate order will be entered.

DATED this 19th day of September, 2012.

BY THE COURT:

/s/
James K. Bredar
United States District Judge